**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE**

| | |
|---|---|
| FORREST CONSTRUCTION, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| THE CINCINNATI INSURANCE COMPANY, | ) **JURY DEMAND** |
| | ) |
| Defendant. | ) |

**COMPLAINT FOR BREACH OF CONTRACT AND RELATED RELIEF**

COMES NOW Forrest Construction, Inc. ("Forrest" or "Plaintiff") by and through its undersigned counsel, and for its Complaint against Cincinnati Insurance Company ("Cincinnati" or "Defendant") would show this honorable Court the following:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff is a Tennessee corporation with its principal offices in Williamson County, Tennessee.

2. Upon information and belief, Defendant is an Ohio corporation with its principal offices in Ohio. Upon further information and belief Defendant is authorized to conduct the business of insurance in Tennessee, and thus Defendant may be served with process through the Tennessee Commissioner of Commerce and Insurance pursuant to Tenn. Code Ann. § 56-2-503, et seq., as made applicable by Fed. R. Civ. P. 4(e)(1).

3. This Court has jurisdiction over this cause pursuant to 28 U.S.C. 1332, as there is complete diversity in citizenship of the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. Venue is proper in the Middle District of Tennessee as the

transaction and occurrences giving rise to this Complaint occurred, and the contract at issue was executed within the Middle District of Tennessee.

## FACTUAL ALLEGATIONS

4. At all times relevant hereto, Plaintiff and Defendant were parties to a contract of commercial liability insurance, under which Defendant agreed to defend and indemnify Plaintiff from certain claims, suits, and liabilities (the "Policy"). A true and correct copy of the Policy is attached hereto as **Exhibit A**.

5. At all times relevant, and during the effective Policy period, Plaintiff was engaged in the business of construction.

6. Plaintiff was engaged to construct a residence for James L. Laughlin, II and wife, Debbie Laughlin (collectively "Homeowner") located at 131 Cooks Corner, Brentwood, Tennessee (the "Project").

7. Unfortunately, a dispute arose over payment and Plaintiff filed suit against Homeowner in Chancery Court for Williamson County, Tennessee (the "Suit").

8. Homeowner filed a counterclaim against Defendant in the Suit alleging numerous and sundry causes of action (respectively, the "Counterclaim" and "Claims") arising during the Policy period, or otherwise covered by the Policy. A true and correct copy of the Counterclaim is attached hereto as **Exhibit B**.

9. Plaintiff timely notified Defendant of the filing of the Counterclaim and provided Defendant with a copy of the same.

10. Defendant refused to provide any coverage under the Policy for the defense or indemnity of Plaintiff from the Claims alleged in the Counterclaim, but detailed letter of April 15, 2005 (the "Denial Letter"). A true and correct copy of the Denial Letter is attached hereto as **Exhibit C**.

11. Plaintiff was forced to assume the costs of its own defense to the Counterclaim.

12. Ultimately, a judgment was rendered against Plaintiff and in favor of Homeowner (the "Judgment"). That judgment was subsequently amended. A copy of the Judgment and its amendment are attached hereto as collective **Exhibit D**.

13. Both Plaintiff and Homeowner have timely appealed the Judgment, and the appeal is presently pending before the Tennessee Court of Appeals.

14. The claims for which liability was adjudged against Plaintiff trigger coverage under the Policy and, as a result, Plaintiff is entitled to indemnity from Defendant therefore.

## COUNT I – BREACH OF CONTRACT

15. Plaintiff hereby re-avers the preceding allegations of its Complaint.

16 The Policy constitutes a valid and binding contract between the parties, founded upon sufficient consideration.

17. Defendant has materially breached its obligations under the Policy by, *inter alia*, its refusal to defend Plaintiff from the Counterclaim and the Claims asserted therein, and for its failure to indemnify Plaintiff for the Judgment.

18. As a result of said material breaches by Defendant, Plaintiff has been damaged in an amount to be proven at trial in an amount not less than $75,000, exclusive of costs and interest.

## COUNT II – DECLARATORY JUDGMENT

19. Plaintiff hereby re-avers the preceding allegations of its Complaint.

20. A dispute exists between the parties as to their respective rights and obligations under the Policy, including, *inter alia*, whether the Counterclaim gave rise to a duty on the part of Defendant to defend Plaintiff therefrom, and whether coverage exists for the liability adjudged to Plaintiff pursuant to the Judgment.

21. Said dispute is *bona fide*, ripe for adjudication, and is thus justiciable by this Court.

22. Plaintiff is entitled to a declaration from this Court that the duty of Defendant to defend Plaintiff from and against the Judgment and Counterclaim, including the pending appeal and any further proceedings related to the Counterclaim, and that the Claims asserted and Judgment rendered are subject to coverage and indemnity under the Policy.

### COUNT III - BAD FAITH

23. Plaintiff hereby re-avers the preceding allegations of its Complaint.

24. Plaintiff has made demand upon Defendant for performance of its obligations under the Policy.

25. Despite demand, Defendant has failed to timely meet its obligations under the Policy.

26. Defendant's refusal to meet its obligations under the Policy constitutes bad faith on the part of Defendant under Tenn. Code Ann. §56-7-105, et seq.

27. Due to Defendant's bad faith refusal to meet its obligations under the Policy, Plaintiff has been damaged in an amount to be proven at trial, including punitive damages, in an amount not less than $75,000, exclusive of interest and costs.

28. Additionally, Plaintiff is entitled to the relief accorded by Tenn. Code Ann. §56-7-105, et seq., including the assessment of a penalty in the amount of 25% of the amounts for which Plaintiff is entitled to indemnity, such as, *inter alia*, reimbursement for costs of defense of the Counterclaim and, in the event the Judgment is affirmed, for indemnity from against the liability adjudged against Plaintiff.

### COUNT IV – TENNESSEE CONSUMER PROTECTION ACT

28. Plaintiff hereby re-avers the preceding allegations of its Complaint.

29. Defendants' actions and omissions as herein described constitute unfair and deceptive trade practices under Tenn. Code Ann. § 47-18-101, et seq., and particularly including, without limitation, Tenn. Code Ann. § 47-18-104(b)(27).

30. By reason of such actions and omissions, Plaintiff has been damaged in an amount to be proven at trial, including treble damages, in an amount in excess of $75,000, exclusive of interest and costs.

## AD DAMNUM

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for the following relief:

1. That proper process issue and that Defendant be required to appear and defend this Complaint within the time prescribed to it by law;

2. For judgment in an amount to be proven at trial in an amount not less than $75,000, exclusive of costs and interest;

3. For treble damages pursuant to Tenn. Code Ann. § 47-18-101, et seq.;

4. For punitive damages in an amount to be proven at trial, but not to exceed $5,000,000;

5. For the imposition of the 25% bad faith penalty pursuant to Tenn. Code Ann. § 56-7-105, et seq.;

6. For pre-judgment interest in the amount of 10% per annum on all compensatory damages proven at trial;

7. For attorney's fees incurred in the prosecution of this suit in an amount of 1/3 of any judgment rendered in favor of Plaintiff herein;

8. For a declaration by this Court that Defendant owes a duty to defend Plaintiff from the Claims, Counterclaim and the Judgment and to indemnify it from and against any loss or liability it may incur as a result thereof;

5

9. For trial by a jury of twelve (12); and

10. For such other and further relief as may be appropriate.

>Respectfully submitted,
>
>*/s/ Philip L. Robertson*
>Philip L. Robertson, Esq. (BPR 21668)
>144 Second Avenue, North
>Pilcher Building, Suite 300
>Nashville, TN 37201
>Telephone: (615) 255-4849
>Facsimile: (615) 255-4855
>probertson@smythepuryear.com